# EXHIBIT A

FILED DATE: 9/18/2020 9:36 AM 2020L002190

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/18/2020 9:36 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L002190

10494298

| | |
|---|---|
| BRIAN HARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2020 L 002190 |
| | ) |
| ROGERS INDUSTRIAL PARK, an | ) |
| Illinois Limited Partnership, ARTHUR J. | ) |
| ROGERS & CO., and YOLANDA | ) |
| ALVARADO, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I
#### GENERAL NEGLIGENCE V. ROGERS INDUSTRIAL PARK, LP

1. On January 28, 2019, the Plaintiff Brian Haro ["Brian"] resided at 1812 South 57th Avenue, Cicero, Cook County, Illinois.

2. On January 28, 2019, Defendant Rogers Industrial Park, an Illinois Limited Partnership, ["Rogers Industrial Park"] owned, operated, controlled, maintained, and managed the building, surrounding property, and parking lot located at 2711 Coyle Avenue, Elk Grove Village, Cook County, Illinois ["Building"].

3. On and for some time before January 28, 2019, there existed a dangerous and defective condition in the drainage system on the West side of the Building.

4. On and for some time before January 28, 2019, the Building's drainage system caused an unnatural accumulation of ice and snow on the West side of the Building.

5. On January 28, 2019, the condition of Building's drainage system on the West side of the Building was a dangerous and defective condition.

6. On January 28, 2019, the condition of the entry and exit way, sidewalk, parking lot, and loading dock on the West side of the Building, was a dangerous and defective condition.

1

**EXHIBIT A**

7. On January 28, 2019, Defendant Rogers Industrial Park knew, or reasonably should have known, of the existence of the dangerous and defective condition of the drainage system.

8. On January 28, 2019, Defendant Rogers Industrial Park knew, or reasonably should have known, of the existence of the dangerous and defective conditions of the entry and exit way, sidewalk, parking lot, and loading dock on the west side of the Building.

9. On January 28, 2019, Plaintiff Brian was legally at the Building.

10. On January 28, 2019, Brian was attempting to exit the Building, on the west side of the Building, slipped on ice, and fell.

11. On January 28, 2019, Brian was injured.

12. On and before January 28, 2019, Defendant Rogers Industrial Park had a duty to maintain the Building, entry and exit ways, surrounding sidewalks, parking lots, and loading docks in a reasonably safe condition.

13. On and before January 28, 2019, and at all times relevant to this claim, Defendant Rogers Industrial Park, was negligent in one or more of the following ways:

   a) Allowed the Building's drainage system to remain in an unsafe condition; or

   b) Allowed the Building's entry and exit ways to remain in an unsafe condition; or

   c) Improperly inspected the Building's drainage system; or

   d) Improperly inspected the Building's entry and exit ways; or

   e) Inadequately inspected the Building's entry and exit ways; or

   f) Inadequately inspected the Building's drainage system; or

   g) Insufficiently performed hazard analysis; of the Building's drainage system; or

   h) Did not warn of the dangerous and defective condition that existed on the west side of the Building, next to the Building's drainage system, when the Defendant Rogers Industrial Park knew, or reasonably should have known, that warnings were necessary to prevent injury to people exiting the Building on the west side of the building, including Brian; or

FILED DATE: 9/18/2020 9:36 AM 2020L002190

  i) Did not maintain the Building's drainage system in a reasonable and safe manner; or

  j) Did not take appropriate corrective action; or

  k) Did not maintain the area on the west side of the Building, next to the Building's drainage system, in a reasonable and safe manner.

14. On and before January 28, 2019, Defendant Rogers Industrial Park had a duty to avoid needlessly endangering people lawfully upon the premises.

15. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant Rogers Industrial Park, Brian Haro sustained severe and permanent injuries; has been injured, damaged, and incapacitated; has in the past and will in the future, incur legal obligations for hospital, medical, nursing, rehabilitative, and related services of treatment; has in the past and will in the future lose profits, wages, benefits, and earnings, which he would have otherwise made and acquired; has been caused to suffer pain, disability, disfigurement, and inconvenience; all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, Brian Haro, demands judgment against Defendant, Rogers Industrial Park, an Illinois Limited Partnership, for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs.

## COUNT II
### GENERAL NEGLIGENCE V. ARTHUR J. ROGERS & CO.

1. On January 28, 2019, the Plaintiff Brian Haro ["Brian"] resided at 1812 South 57th Avenue, Cicero, Cook County, Illinois.

2. On January 28, 2019, Defendant Arthur J. Rogers & Co., ["AJR"] was an Illinois corporation, doing business in Illinois, with its headquarters at 1559 Elmhurst Road, Elk Grove Village, Cook County, Illinois.

3. On January 28, 2019, Defendant AJR maintained, operated, managed, and

3

supervised Rogers Industrial Park, including the building, surrounding property, and parking lot located at 2711 Coyle Avenue, Elk Grove Village, Cook County, Illinois ["Building"].

4. On and for some time before January 28, 2019, there existed a dangerous and defective condition in the drainage system on the West side of the Building.

5. On and for some time before January 28, 2019, the Building's drainage system caused an unnatural accumulation of ice and snow on the West side of the Building.

6. On January 28, 2019, the condition of Building's drainage system on the West side of the Building was a dangerous and defective condition.

7. On January 28, 2019, the condition of the entry and exit way, sidewalk, parking lot, and loading dock on the West side of the Building, was a dangerous and defective condition.

8. On January 28, 2019, Defendant AJR knew, or reasonably should have known, of the existence of the dangerous and defective condition of the drainage system.

9. On January 28, 2019, Defendant AJR knew, or reasonably should have known, of the existence of the dangerous and defective conditions of the entry and exit way, sidewalk, parking lot, and loading dock on the west side of the Building.

10. On January 28, 2019, Plaintiff Brian was legally at the Building.

11. On January 28, 2019, Brian was attempting to exit the Building, on the west side of the Building, slipped on ice, and fell.

12. On January 28, 2019, Brian was injured.

13. On and before January 28, 2019, Defendant AJR had a duty to maintain the Building, entry and exit ways, surrounding sidewalks, parking lots, and loading docks in a reasonably safe condition.

14. On and before January 28, 2019, and at all times relevant to this claim, Defendant AJR, was negligent in one or more of the following ways:

    a) Allowed the Building's drainage system to remain in an unsafe condition; or

4

FILED DATE: 9/18/2020 9:36 AM  2020L002190

b) Allowed the Building's entry and exit ways to remain in an unsafe condition; or

c) Improperly inspected the Building's drainage system; or

d) Improperly inspected the Building's entry and exit ways; or

e) Inadequately inspected the Building's entry and exit ways; or

f) Inadequately inspected the Building's drainage system; or

g) Insufficiently performed hazard analysis; of the Building's drainage system; or

h) Did not warn of the dangerous and defective condition that existed on the west side of the Building, next to the Building's drainage system, when the Defendant AJR knew, or reasonably should have known, that warnings were necessary to prevent injury to people exiting the Building on the west side of the building, including Brian; or

i) Did not maintain the Building's drainage system in a reasonable and safe manner; or

j) Did not take appropriate corrective action; or

k) Did not maintain the area on the west side of the Building, next to the Building's drainage system, in a reasonable and safe manner.

15. On and before January 28, 2019, Defendant AJR had a duty to avoid needlessly endangering people lawfully upon the premises.

16. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of Defendant AJR, Brian Haro sustained severe and permanent injuries; has been injured, damaged, and incapacitated; has in the past and will in the future, incur legal obligations for hospital, medical, nursing, rehabilitative, and related services of treatment; has in the past and will in the future lose profits, wages, benefits, and earnings, which he would have otherwise made and acquired; has been caused to suffer pain, disability, disfigurement, and inconvenience; all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, Brian Haro, demands judgment against Defendant, Arthur J. Rogers & Co., for a sum in excess of Fifty Thousand Dollars ($50,000.00), plus costs.

5

## COUNT III
### GENERAL NEGLIGENCE V. YOLANDA ALVARADO

1. On January 1, 2020, the Plaintiff Brian Haro ["Brian"] resided at 1812 South 57th Avenue, Cicero, Cook County, Illinois.

2. On January 1, 2020, Defendant Yolanda Alvarado ["Alvarado"] resided at 2521 South Harding Avenue, Chicago, Illinois, Cook County.

3. On January 1, 2020, at approximately 1:24 a.m., Brian was traveling northbound on South Pulaski Road, driving a 2019 Volkswagen, ["Volkswagen"] and stopped for a solid red traffic signal at South Pulaski Road's intersection with West 63rd Street in Chicago, Illinois, Cook County.

4. At the above time and place, Defendant Alvarado was driving a 2011 Corolla ["Corolla"], also northbound on South Pulaski Road near South Pulaski Road's intersection with West 63rd Street in Chicago, Illinois, Cook County.

5. While driving the Corolla, Defendant Alvarado owed a duty of reasonable care in the operation of that vehicle in order to avoid crashing into other vehicles on the roadway, including the Volkswagen being driven by Brian.

6. At the above time and place, the Corolla being driven by Defendant Alvarado crashed into the Volkswagen being driven by Brian.

7. On January 1, 2020, Brian was injured.

8. At that time and place, Defendant Alvarado was then and there guilty of one or more of the following acts and/or omissions:

    a) Drove inattentively; or

    b) Kept an improper lookout; or

    c) Braked improperly; or

    d) Did not brake for traffic stopped for a red traffic signal; or

FILED DATE: 9/18/2020 9:36 AM 2020L002190

e) Did not sufficiently reduce the speed of her car; or

f) Did not pay adequate attention to developing traffic patterns.

9. One or more of these acts and/or omissions of Defendant Alvarado was a proximate cause of a crash between the Corolla being driven by Defendant Alvarado and the Volkswagen being driven by Brian.

10. As a direct and proximate result of one or more of these act and/or omissions by Defendant Alvarado, Brian has been injured, damaged and incapacitated; has in the past and will in the future, incur legal obligations for hospital, medical, nursing, rehabilitative, and related services and treatment; has in the past and will in the future lose profits, wages, and earnings, which he would have otherwise made and acquired; has been caused to suffer pain, disability, disfigurement and inconvenience; all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff Brian Haro demands judgment against defendant Yolanda Alvarado in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) plus costs.

Respectfully submitted,

COPLAN & CRANE, LTD.

By: /s/ Blake M. Vance

**COPLAN & CRANE, LTD.**
**1111 Westgate Street**
**Oak Park, Illinois 60301**
**(708) 358-8080 (telephone)**
**(708) 358-8181 (facsimile)**
**Firm No. 41511**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRIAN HARO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2020 L 002190 |
| ) | |
| ROGERS INDUSTRIAL PARK, an ) | |
| Illinois Limited Partnership, ARTHUR J. ) | |
| ROGERS & CO., and YOLANDA ) | |
| ALVARADO, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222**

I, Blake Vance, under oath and subject to the penalties of perjury, depose and state that the damages sought in this cause exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and correct based upon the personal knowledge of the undersigned.

By: /s/ Blake M. Vance

**COPLAN & CRANE, LTD.**
**1111 Westgate Street**
**Oak Park, Illinois 60301**
**(708) 358-8080 (telephone)**
**(708) 358-8181 (facsimile)**
**Firm No. 41511**

8